PAGE 1 OF 6

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

FILED

SEP 28 2023

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN ALLEN LAMM,           )

Plaintiff,                  )

VS.                         )        Case No.

UNITED STATES OF AMERICA,   )

JEFFREY LEE HO,             )

S. KINDRED,                 )

Defendants.                 )

## COMPLAINT

Now comes the Plaintiff, Kevin Allen Lamm, and complains against the United States of America, S. Kindred, and Jeffrey Lee Ho, stating as follows:

## I. JURISDICTION/VENUE

1.) This is a civil action against the above named Defendants for damages brought pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 2671-2680, ("FTCA") arising out of extreme physical pain and resulting emotional and psychological stress deliberately inflicted upon the Plaintiff due to the inactions of Defendants while in the custody of the United States at Federal Correctional Institution in Pekin ("FCI Pekin") in Pekin, Tazwell County, Illinois.

2.) Plaintiff submitted a claim for the injury detailed in

## PAGE 2 OF 6.

this Complaint to Federal Bureau of Prisons, North Central Regional Office, Complex Tower II, Suite 800, 400 State Avenue, Kansas City, Kansas 66101 via certified mail.

3.) Shortly thereafter, the United States acknowledged receipt.

4.) More than six months passed since said claim documents were submitted and received so Plaintiff submitted a reconsideration letter to the same address outlined above.

5.) Shortly thereafter, the United States acknowledged receipt and denied said claim.

6.) Plaintiff now files suit within six months of that denial date.

7.) The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. 1331, and 1346 (b) and 2671-2680.

8.) This Court has jurisdiction over the Defendants because the cause of action alleged arises out of acts and ommissions committed by federal government employees acting within the scope of their employment while working at FCI Pekin, located in the City of Pekin, Tazwell County, Illinois.

9.) Venue is proper pursuant to 28 U.S.C. 1391 (b) because the events giving rise to this lawsuit occurred at FCI Pekin, located in the City of Pekin, Tazwell County, Illinois, which is within this judicial district.

## II. PARTIES

10.) Plaintiff: Kevin Allen Lamm, 44116-013, Federal

<u>PAGE 3 OF 6</u>

Correctional Complex, P.O. Box 1000, Petersburg, VA 23804.

11.) Defendant: Jeffrey Lee Ho, Medical Doctor, FCI Pekin, 2600 South Street, Pekin, IL 61555.

12.) Defendant: S. Kindred, Registered Nurse, FCI Pekin, 2600 South Street, Pekin, IL 61555.

<u>III. EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

13.) Plaintiff filed a Request for Administrative Remedy at the institutional level in relation to this Complaint and was referred to the appropriate statutorily-mandated procedures pursuant to Program Statement 1330.18, Administrative Remedy Program, Section 1, Subpart C.

<u>IV. STATEMENT OF CLAIM</u>

14.) On or about December 9, 2020, while incarcerated at FCI Pekin, Pekin, Tazwell County, Illinois, Plaintiff suffered an injury to his scrotum.

15.) During lunch "main line" Plaintiff went to the Medical Department to report a medical emergency. Plaintiff was directed to go back to the unit and have the officer on duty call medical.

16.) Plaintiff told the officer on duty what the medical emergency was and the officer called medical. Medical told the officer to tell Plaintiff to sign up for sick call the following day.

17.) Later in the afternoon the unit was placed on

## PAGE 4 OF 6

lockdown due to Covid-19.

18) That same night, during medical rounds, Plaintiff stopped Nurse Kindred at his cell door and explained he had a medical emergency. Nurse Kindred, along with another nurse present, witnessed Plaintiff's scrotum severely enlarged, bruised all the way around, and could see Plaintiff was in severe pain.

19.) At that point, immediate action should have been taken. Plaintiff should have been taken to the Medical Department for further evaluation or sent to the hospital to be processed for emergency care. Nurse Kindred did not recommend or request that either of these take place.

20.) Nurse Kindred only requested, and Plaintiff was prescribed, 800 mg of Ibuprofen, and instructed Plaintiff to lie down and elevate the scrotum.

21.) Doctor Lee Ho cosigned Plaintiff's medical records making him aware of the situation. Doctor Lee Ho, being aware of the situation, should have seen Plaintiff the following day for a follow-up visit and to further assess the situation. Clearly, Plaintiff needed a doctor's attention.

22.) As time went by, Plaintiff continued to complain of pain and swelling. Plaintiff was eventually seen for "sick call" by Nurse Frank in March, 2021. Approximately three months after the injury. At this time Plaintiff's scrotum was still swollen and Plaintiff was still in pain.

23.) An in-house ultrasound was scheduled, that never took

<u>PAGE 5 OF 6</u>

place, and no further Ibuprofen was prescribed for the pain. Doctor Lee Ho cosigned Plaintiff's medical records keeping him aware of the situation.

24.) In June, 2021 Plaintiff was taken to the hospital for an ultrasound. The ultrasound revealed that no blood flow went to or from the right testicle, that the right testicle had shrunk half its size, and that, essentially, the right testicle was dead. A recommendation to see a urologist was made. Doctor Lee Ho cosigned Plaintiff's medical records.

25.) In July, 2021 Plaintiff was taken to the hospital to consult with a urologist. The urologist stated that too much time had passed, that no further treatment could be taken, if the pain persists take Tylenol or Ibuprofen, and that if I had been to the hospital within two weeks of the injury emergency surgery could have been performed and the right testicle could have been saved. Doctor Lee Ho cosigned Plaintiff's medical records.

26.) The Defendants in this case failed to recognize the importance of medical treatment. Any lay person would have seen the necessity for a doctor's attention. Plaintiff's injury was a serious medical need that carried risks of permanent damage and impairment if left untreated, resulted in needless pain and suffering, and significantly affected Plaintiff's daily activities.

27.) The Defendants in this case acted with deliberate

PAGE 6 OF 6

indifference in violation of Plaintiff's 8th Amendment right. The failure to treat Plaintiff's injury resulted in further significant injury and the unnecessary wanton infliction of pain.

28) Plaintiff was, and still is, subjected to not only extreme physical pain, but emotional and psychological stress as well.

## V. REQUEST FOR RELIEF

29.) Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in this case, award compensatory damages in the amount of 1,500,000.00 dollars against the Defendants, and seeks declaratory, injunctive, or other equitable relief that this Court deems appropriate.

30.) Plaintiff demands trial by jury.

Signed this 24th day of September, 2023.

Respectfully Submitted,
Kevin Allen Lamm
Kevin Allen Lamm

Kevin Allen Lamm #44116-013
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804

Kevin Lamm #44116-013
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804

RICHMOND VA 230
25 SEP 2023 PM 7 L

Legal
Mail

United States District Court
Office of the Clerk
100 N.E. Monroe St., Room 309
Peoria, IL 61602

61602-109799